UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIONNE YOUNG,

      Plaintiff,

vs.

JOHN MCHUGH, UNITED STATES
DEPARTMENT OF THE ARMY, *et. al.*,

      Defendants.

_____/

Case No. 12-15187
HON. GERSHWIN A. DRAIN

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL [#8] AND CANCELLING MAY 7, 2013 HEARING

**I.    INTRODUCTION**

Presently before the court is Defendants' Motion for Partial Dismissal. The Motion requests dismissal of Counts V through XXII of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants also request this Court to dismiss all claims related to security clearance decisions. Upon review of the Complaint, Motion to Dismiss, and Response in Opposition, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the pending Motion on the briefs and cancels the hearing scheduled for May 7, 2013. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow Defendants' Motion is GRANTED.

II.     PROCEDURAL AND FACTUAL HISTORY

Plaintiff Dionne Young is a federal employee who works at the U.S. Army TACOM facility in Warren, Michigan.  On November 26, 2012, Plaintiff filed a Complaint in this Court claiming that she was discriminated against at her place of employment because of her race (African American) and disability (gastric condition).  The Complaint also alleged that after filing a complaint with the Equal Employment Opportunity Commission Defendants retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.  Finally, Plaintiff also alleged that Estep, Zaccagni, and DeYoung intentionally and negligently inflicted emotional distress upon her.

Defendants filed the present Motion on March 15, 2013 that requested dismissal of Counts V through XXII on several different grounds.  According to Defendants, Plaintiff's claims based on 42 U.S.C. §§ 1981 and 1983 (Counts V-VIII, XI-XIV, XVII-XX) should be dismissed pursuant to Rule 12(b)(1) since these claims are exempted by Title VII and the Rehabilitation Act.  Further, Defendants state that Plaintiff's intentional and negligent infliction of emotional distress claims (Counts IX-X, XV-XVI, XXI-XXII) should be dismissed pursuant to Rule 12(b)(1) and 12(b)(6) because Plaintiff did not name the United States as defendant nor did she exhaust her administrative remedies prior to bringing the claim as is required by the Federal Tort Claims Act.  Only these arguments are discussed as they are sufficient to grant Defendants' Motion.

Plaintiff filed a Response to Defendants' Motion on April 5, 2013.  In the Response Plaintiff asserted that this Court does have jurisdiction to review the claims related to the security clearance decision because the gist of the claim is the discriminatory action taken

by Defendants as opposed to the decision itself. As such, review would not require scrutiny of the substance of security clearance decisions. Further, Plaintiff claimed that Defendants have misstated Michigan law in regards to negligent infliction of emotion distress and she has alleged the necessary elements for a cause of action on a direct claim of negligent infliction of emotional distress. Finally, Plaintiff maintains that since the individually named Defendants acted outside the scope of their employment her torts claims are not barred by the FTCA. Thus, the Defendants would be properly named parties in the action and there would be no administrative exhaustion requirement.

### III. LAW AND ANALYSIS

#### 1. Standard of Review

Where subject-matter jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). If facts critical to jurisdiction are in dispute then the court is empowered to resolve those disputes. *Rogers*, 798 F.2d at 915, 918. "The court has considerable leeway in devising procedures in that direction, and may resort to written or live evidence submitted in connection with the motion." *Rogers*, 798 F.2d at 918 (quoting *Gordon v. National Youth Work Alliance*, 675 F.2d 356, 362-363, n. 18 (Robinson, J., concurring)). The Rule 12(b)(1) motion must be considered first as a Rule 12(b)(6) motion would be moot if there was no subject matter jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

Fed. R. Civ. P. 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.*

### *2. Claims Under 42 U.S.C. §§ 1981 and 1983*

Defendants argue that Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 must be dismissed since they are exempted under Title VII and the Rehabilitation Act.  Defendants are correct.  In *Brown v. GSA*, 425 U.S. 820, 835 (1976), the Supreme Court resolved that, "§ 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." *Id.*  As a federal employee, Plaintiff is limited to pursuing claims of discrimination and retaliation based on race through Title VII (as she has done in Count I).  As such, Plaintiff's claims of discrimination and retaliation based on race under 42 U.S.C. §§ 1981 and 1983 are dismissed pursuant to Rule 12(b)(1).

Defendants raise a similar argument against Plaintiff's claims of discrimination and retaliation on the basis of disability under 42 U.S.C. §§ 1981 and 1983.  They state that when Congress amended the Rehabilitation Act to provide for a private right of action they declared that a disabled person is entitled to the same remedies, procedures and rights afforded by Title VII.  A corollary of this declaration is that federal employees are similarly limited to bringing claims only under the Rehabilitation Act.  The Sixth Circuit has likewise noted that, " [t]he Rehabilitation Act . . . constitutes the exclusive remedy for a federal employee alleging disability-based discrimination." *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007).  Thus, Plaintiff is limited to bringing complaints of discrimination and retaliation on the basis of disability under the Rehabilitation Act (as she has done in Count IV).

Title VII and the Rehabilitation Act exempt Plaintiff's claims of discrimination and retaliation on the basis of race and disability under 42 U.S.C. §§ 1981 and 1983.  As such, Counts V-VIII, XI-VIV, XVII-XX are dismissed pursuant to Rule 12(b)(1).

### *3. Claims of Intentional and Negligent Infliction of Emotional Distress*

Defendants claim Plaintiff's intentional and negligent infliction of emotional distress claims must be dismissed because the Defendants are not properly named. Plaintiff named Estep, Zaccagni, and DeYoung in her tort claims. The basis of Defendants' claim is § 28 U.S.C. 2679(b)(1), part of the Federal Tort Claims Act. Section 2679(b)(1) provides that the sole remedy for a plaintiff harmed by an employee of the federal government, while acting within the scope of employment, is against the United States. The Section explicitly states that all other remedies are precluded, which includes actions against federal employees as individuals.

Plaintiff disputes the applicability of the FTCA on the basis that the named Defendants were not actually acting within the scope of their employment. Support for this assertion comes from three paragraphs in the Complaint where Plaintiff alleged in identical language that each of the three named Defendants acted outside of the scope of their employment. *See, e.g.*, Compl. ¶ 156 ("Defendant Estep's breaches as described herein were outside of the scope of her authority and/or were outside of the scope of her employment."). Conclusory allegations alone are insufficient to survive a motion to dismiss and that is all Plaintiff has offered. *See, e.g.*, *Iqbal*, 556 U.S. at 668. More particularity of how Defendants actions were outside of the scope of their employment is required for this Court to determine that Plaintiff's tort claims should survive. Thus, Counts IX-X, XV-XVI, XXI-XXII are dismissed pursuant to Rule 12(b)(1).

The Court will briefly note that based on the pleadings alone, it appears as if Defendants were acting in the scope of employment. "To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental

to the conduct authorized." Restatement (Second) of Agency § 229(I) (1958) (quoted in *Bryant v. Brannen*, 180 Mich. App. 87, 446 N.W.2d 847, 853 (1989)). The conduct Plaintiff complains of occurred exclusively in the workplace and focused on actions typically taken by employees in Defendants' position. The Court provides this opinion as guidance should Plaintiff seek to amend in the future.

Since the ruling on these two issues have resolved all of the claims before this Court the other issues raised by Defendants are not analyzed. Counts V-XXII are dismissed while Counts I-IV are still pending before this Court.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Dismissal [#8] is GRANTED.

SO ORDERED.

Dated: April 22, 2013

                                             S/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 22, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk